## Harrodsburg Motor Co., Inc., v. Goodwin Bros., Inc.

Oct. 30, 1942.

R. W. Keenon and Robert Odear for appellant.

C. E. Rankin for appellee.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed by the appellant, Harrodsburg Motor Company, Incorporated, against Goodwin Bros., Incorporated, to recover damages by way of loss of profits for breach of an automobile dealer contract. Upon submission to a jury a verdict was returned in appellant's favor for $50. Being dissatisfied with the amount of the recovery, appellant prosecutes this appeal from the judgment entered on that verdict.

Numerous interesting questions are raised and ably briefed by appellant's counsel as to claimed error in excluding competent testimony and in instructing on the measure of damages but we find it unnecessary to consider these questions (with the exception of one hereinafter mentioned) since we have concluded that the evidence was insufficient to justify a submission of the case to the jury. Since the case should not have been submitted to the jury, it is obvious that appellant is not entitled to a reversal of the favorable judgment.

The appellee is the direct, or district, dealer for Dodge and Plymouth automobiles, with headquarters at Lexington. A contract was entered into on June 22, 1938, between appellant and appellee by which appellant became the local dealer at Harrodsburg. Pursuant to the contract appellee was "to facilitate Dealer's (appellant's) purchases and resale of Dodge and Plymouth products." Appellant had the exclusive right to sell Dodge cars and the nonexclusive right to sell Plymouths, as well as to sell parts, in Mercer County. The contract provided for termination by either party upon certain specified notice. Numerous other reasons for termination other than by notice were provided, none of which have any bearing on the controversy except the seventh, which was "the discontinuance of Dealer's representation in his sales area of the products herein referred to." Even the latter provision has only an incidental bearing since it is appellee's contention, which we have conclud-

ed should be sustained, that the contract was terminated by agreement of the parties.

Appellee had been for some time dissatisfied with the volume of sales made by appellant and its field agent, Mullins, had talked with appellant's general manager, Corman, at various times about this. On November 25, 1940, Mullins visited appellant's place of business and had a talk with Corman. Mullins testified that Corman then agreed to a termination of the contract and after doing so asked him if appellee would take off his hands a car on his sales floor as well as some parts and accessories. This Mullins agreed to do.

The next day Corman visited appellee's place of business in Lexington in connection with this matter. Two of appellant's officers testified that on this occasion Corman acquiesced in a termination of the contract and from their testimony it seems that Corman's chief interest was in getting appellee to take the car, parts and accessories off his hands. On this occasion one of appellee's officers prepared a letter to the factory for Corman to sign notifying the factory that he had ceased representation under the contract. Appellee's officers testified the purpose of this letter was to make it appear that appellant had resigned rather than the contract was cancelled. Corman, however, would not sign this letter. Mullins was not in Lexington on this day and had no part in this conversation.

On the following day, November 27, 1940, appellee wrote appellant a letter, the material parts of which are as follows:

"With reference to our conversation of November 26th, you have automatically terminated your Dodge-Plymouth Dealer Agreement No. 2625 which becomes effective at once.

"The reason for termination deals with paragraph eight, part number seven in your agreement (the discontinuance of dealers representation in his sales area)."

The import of this letter is clear, that appellee considered that appellant had agreed to a "discontinuance of dealer's representation" or, in short, that the contract had been terminated by agreement.

On December 2, after the receipt of this letter, appellant returned the car it had in its possession to ap-

pellee and was given a check for the amount paid for the car. Later appellant returned some accessories to appellee and was paid therefor.

On December 12 appellant wrote appellee a letter, the material parts of which are as follows:

"This will acknowledge your letter dated November 27th, 1940, advising us of your cancellation of our Associate Dodge and Plymouth Dealer Agreement No. 2625, dated June 22nd, 1938, which became effective at once pursuant to paragraph eight, part number seven."

The letter closed with felicitations on the past pleasant relation between the parties and contained no intimation that appellant was objecting to a termination of the contract or that it considered it to be still in effect. No request was thereafter made by appellant for the delivery of cars or parts. However, on December 24 appellant wrote appellee a long letter complaining of Mullins' activity since November 27 in attempting to secure a new dealer and stating that appellant was cancelling the contract. The last paragraph of the letter demanded a check from appellee covering all credits, including cooperative advertising. On December 26 appellee wrote appellant that it was taking the matter up with the factory and would make a settlement with the appellant as soon as the factory replied.

Corman denied that he agreed to a termination of the contract and explained his December 12 letter to appellee by saying that it was written for the purpose of keeping appellee in a good humor until he got a dealer's contract to sell De Soto cars which he was trying to procure.

We think the foregoing statement of the most material parts of the evidence is sufficient to establish the correctness of our conclusion that the evidence established as a matter of law that appellant agreed to a termination of the contract, thus disentitling it to a submission to the jury on this question. In the light of the positive testimony of appellant's three officers that the agreement of termination was made and of the correspondence between the parties, taken in connection with the other indisputed facts, we cannot escape the conclusion that Corman's mere assertion of non-acquiescence in the termination was but a scintilla of evidence insufficient to

justify a submission of this issue under the rule announced in Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S. W. (2d) 877. The letter of November 27 clearly put appellant on notice that appellee considered that appellant acquiesced in the termination of the contract by a "discontinuance of dealer's representation." No reply was made to this letter until the December 12 *letter which acknowledged that cancellation of the contract became effective on November 27.* After the receipt of appellee's letter of November 27 and before writing the letter of December 12, appellant returned the automobile in its possession and was paid therefor and also returned some accessories. Thus, rather than attempting to prevent a cancellation of the contract by appellee and endeavoring to secure additional cars for sale appellant returned the one car it had in its possession instead of retaining it in order to realize a profit from its sale. And it may be here noted that appellant introduced evidence tending to show that it could have affected numerous sales along about the time the car was returned. Appellant's own evidence presented here an irreconcilable inconsistency. Certainly, it was incumbent on appellant, after the receipt of the November 27 letter, to notify appellee if it did not acquiesce in the termination of the contract. Instead, it returned the automobile, thereby giving every indication that it was carrying into effect the very agreement appellee's officers claim was made, namely, cancellation of the contract and return of the automobile. All proven facts as well as all reasonable and justifiable inferences from Corman's conduct, point unerringly to the fact that the contract was terminated by agreement.

One minor question raised in appellant's brief, not disposed of by the conclusion reached above, is claimed error in refusing to instruct on damages resulting to appellant from appellee's alleged unreasonable delay in delivery of cars. We are in accord with the trial court's ruling that there was insufficient evidence on this point to require a submission to the jury. Appellant's evidence tended to establish delay in obtaining cars for sale in a few instances but failed to establish damage with any degree of definiteness and also failed to establish that such delays were unreasonable.

Judgment affirmed.